IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA SANCHEZ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security, )<br>)<br>    Defendant. ) | No. 22 C 1668<br><br>Magistrate Judge M. David Weisman |

## MEMORANDUM OPINION AND ORDER

Vanessa Sanchez appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On October 28, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-42.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," i.e., " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 15, 2019. (R. 25.) At step two, the ALJ determined that plaintiff had the severe impairments of "spine disorder; dysfunction of major joints; substance addiction disorder-drugs; anxiety; and post-traumatic stress disorder (PTSD)." (R. 25.) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 28.) At step four, the ALJ found that

plaintiff had the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except frequently climb ramps and stairs; occasionally climb ladders, ropes or scaffolds; frequently stoop, kneel, crouch, and crawl; avoid concentrated exposure to wetness, vibration, unprotected heights and moving mechanical parts; she can understand, remember, and carryout instructions for simple two to three step tasks in settings away from the public; no tandem group duties; due to intermittent mental health symptoms, she may be off task up to 10% of the day but not all at one time or every day with a maximum of four to six minutes per hour. (R. 28).

Plaintiff contends that the ALJ provided no logical basis for her specific RFC finding that, on occasions when plaintiff dissociated, she would be off task no more than four to six minutes per hour. We agree. The ALJ reported that she based this finding on plaintiff's dissociative identity disorder[1] ("D.I.D") and plaintiff's reports about occasional periods of dissociation. (R. 39). However, in the same decision, the ALJ also downplayed the severity of the dissociative episodes reported by plaintiff in light of what the ALJ considered to be a lack of supporting evidence in the record. (*Id*.). Thus, in crafting the RFC limitation, the ALJ appears to have arbitrarily reduced plaintiff's asserted impairment to a degree the ALJ found to be valid. We describe the ALJ's reduction as arbitrary because she did not cite to any evidence that would support the very specific RFC limitation she crafted.

The Court observes that the record is not entirely clear on how long plaintiff's dissociative episodes last, how often they occur, and how long it takes for plaintiff to recover

---

[1] Formerly known as multiple personality disorder, D.I.D is a mental health condition where a person has multiple personalities, which control a person's behavior at different times. D.I.D can cause gaps in memory and hallucinations, and may impact a person's ability to connect with reality. *See* CLEVELAND CLINIC, *Dissociative Identity Disorder (Multiple Personality Disorder)*, https://my.clevelandclinic.org/health/diseases/9792-dissociative-identity-disorder-multiple-personality-disorder (last visited Mar. 21, 2023).

from the episodes. However, there is at least some evidence that is relevant toward those questions, and the ALJ failed to build a logical bridge from that evidence (or any other specific evidence) to her RFC limitation. *See Jarnutowski v. Kijakazi*, 48 F. 4th 769, 777 (7th Cir. 2022) (reversing where the ALJ failed to build an "accurate and logical bridge" between the evidence and her conclusion that the claimant could perform medium work). Indeed, while not an exhaustive recitation, the Court notes that the following record evidence appears relevant to determining the impact of plaintiff's D.I.D. on her ability to function in an occupational setting:

- Plaintiff details an example of her "lost time" periods where she spent hours in her basement with no recollection of what happened during that time. (R. 1012).

- Plaintiff reports a similar experience while doing laundry. (R. 60).

- Plaintiff reports that she dissociated at a previous job for an unknown amount of time, with no memory of what happened, resulting in her leaving that job. (*Id.*).

- In a therapy note dated October 29, 2020, plaintiff reports that she experiences "brief events of dissociation" from her conscious environment several times a day. (R. 1043).

- Multiple therapy notes indicate that plaintiff dissociated for periods of time during sessions with Therapist McKenney. (E.g., R. 1255, 1257).

- Plaintiff reports that she uses grounding techniques a few times per day when she feels a trigger of dissociation, and that it typically takes her about five to ten minutes to complete these grounding exercises. (R. 75-76).

While the above evidence could ultimately support the ALJ's RFC limitation that purportedly accommodates plaintiff's dissociative episodes, the ALJ failed to explain how this evidence (or any other relevant evidence) supported the limitation. Further, to the extent the ALJ did not find the reports of dissociation to be very credible, it still does not follow that she would render an arbitrary limitation rather than completely discount the D.I.D. evidence. In other words, if the ALJ found plaintiff's reports of dissociation to be unsupported by the overall

record, it would be more logical to *not* account for plaintiff's dissociative episodes in the RFC than to acknowledge the impairment but arbitrarily discount its severity.

In sum, the ALJ crafted a very specific RFC limitation based on her own subjective view of plaintiff's D.I.D, without tying it to specific record evidence. No logical bridge was constructed. Accordingly, this case must be remanded.[2]

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, grants the plaintiff's motion for summary judgment [12], denies the Acting Commissioner's motion for summary judgment [15], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

**DATED: 3/23/23**          **ENTERED:**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.